IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHN THOMAS,<br><br>       Plaintiff,<br><br>v.<br><br>ORECK, INC., and GREG LAWSON, individually<br><br>       Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO COMPEL**<br><br>Case No. 2:09CV00737 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge David Nuffer |

  Plaintiff moves to compel Defendants to properly prepare Defendant Greg Lawson for a second deposition under Rule 30(b)(6) Fed. R. Civ. P.[1] Furthermore, Plaintiff asks that Defendants pay all associated costs for the resumed deposition and the motion to compel.[2] For the following reasons, the motion is GRANTED IN PART.

  Rule 30(b)(6) provides a way for litigants to depose an organization. The named organization must designate one or more persons to testify on its behalf who "must testify about information known or reasonably available to the organization."[3] To make this right meaningful, the deponent must be adequately prepared for the deposition.[4]

  Plaintiff argues that Lawson was not adequately prepared to answer key questions about the circumstances of Plaintiff's termination, and the factual basis for Defendants' legal defense. Plaintiff primarily complains that Lawson was not adequately prepared to discuss three areas of questioning: (1) the details about Defendants' secret shopper bonus program, (2) information

---

[1] Motion to Compel, docket 16, filed February 26, 2010.

[2] Memorandum Supporting Motion to Compel (Supp. Mem.) at 9, docket 17, filed February 26, 2010.

[3] Fed. R. Civ. P. 30(b)(6).

[4] *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1146-1147 (10th Cir. 2007) ("The law is well-settled that corporations have an 'affirmative duty' to make available as many persons as necessary to give 'complete, knowledgeable, and binding answers' on the corporation's behalf.").

about Defendants' claim that Mr. Thomas failed to take advantage of preventative or corrective measures available to him at Defendants' place of employment, and (3) information about documents used at the Orem store, which Mr. Thomas managed before his termination, dealing with sales, productivity and other topics.

Plaintiff's argument has merit. First, while Lawson did provide some general information about the mystery shopper program, he was unable to answer any questions about the specific details of the program.[5] Second, Lawson failed to recall specific information about the preventative and corrective measures referenced in Defendants' fifth affirmative defense.[6] Finally, Lawson admitted that he did not review comparative sales data before his deposition,[7] even though Defendants claim that Plaintiff was also fired because of low sales.[8]

Lawson was adequately prepared on other topics and provided a generally sufficient deposition on those areas.[9] For that reason, no expenses will be awarded. Defendants' suggestion[10] that Plaintiff proceed by interrogatories or otherwise is not appropriate.

---

[5] Deposition of Greg Lawson (Lawson Dep.) at 56, attached as Exhibit 2 to Supp. Mem.

[6] Defendants' Answer and Jury Demand at 8, docket 2, filed August 24, 2009.

[7] Lawson Dep. at 32.

[8] *Id.* at 149.

[9] Lawson was obviously well-informed about the general practices and conditions of the business, as well as specific information about many of its policies and practices.

[10] Memorandum in Opposition to Motion to Compel at 10, docket 18, filed March 3, 2010.

## ORDER

For these foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel[11] is GRANTED IN PART.

1. Plaintiff may resume the deposition with Greg Lawson, who must adequately prepare himself regarding the three lines of questioning described above.

2. The resumed deposition will be limited to two (2) hours.

Dated this 17th day of March, 2010.

BY THE COURT

Magistrate Judge David Nuffer

---

[11] Motion to Compel, docket 16, filed February 26, 2010.