IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHN THOMAS,<br><br>                  Plaintiff,<br><br>v.<br><br>ORECK VACUUMS, and GREG LAWSON, individually,<br><br>                  Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:09-cv-00737-CW<br>District Judge Clark Waddoups<br><br>Magistrate Judge David Nuffer |

Plaintiff's Motion for Partial Summary Judgment[1] is referred to the magistrate judge by consent of the parties.[2] After careful review, Plaintiff's motion is GRANTED IN PART as provided herein.

## BACKGROUND

John Thomas (Thomas) worked as Store Manager for Oreck Vacuums (Oreck) until February 11, 2008, when managing owner Greg Lawson (Lawson) fired him.[3] According to Thomas, Lawson's decision was primarily motivated by religious belief and anti-military sentiment.[4] Before the termination of his employment, Thomas had been seeking to enlist in the military.[5] When Thomas approached Lawson about his decision in November of 2007, Lawson discouraged him from joining, citing religious reasons.[6] The day after this discussion, Thomas found an online job posting for a management position within his store, and believed that

---

[1] Motion for Partial Summary Judgment (Motion), docket no. 23, filed March 17, 2010.

[2] Order [granting parties' stipulated motion docket no. 25], docket no. 31, filed March 22, 2010; Referral, docket no. 32, filed March 23, 2010.

[3] Complaint at 5. The complaint is attached as Ex. A to Notice of Removal, docket no. 1, filed August 21, 2009.

[4] *Id.* at 6.

[5] *Id.* at 3–4.

[6] *Id.*

Lawson was planning to replace him.[7] In late January 2008, Thomas told Lawson he would likely need some time off in May to complete training for the National Guard.[8] Shortly thereafter, Lawson fired Thomas without explanation.[9] Defendants claim that the termination was motivated by Thomas's repeated failure to meet company sales goals and his insubordination concerning a mystery shopper program.[10]

Plaintiff alleges and Lawson himself testified that Oreck has not implemented a specific procedure to report Equal Employment Opportunity rights.[11] Lawson also testified that he had not personally done anything to inform his employees of their rights,[12] and did not have a specific policy on retaining records in personnel files,[13] though such files were kept.[14] Oreck does have an anti-discrimination policy, which highlights federal employment discrimination laws.[15] However, Defendants acknowledge that "nothing in the defendants [sic] employment policies or manual" would indicate to employees "where to take a discrimination complaint if they were unhappy with defendant Lawson's treatment of them."[16]

In June 2009, Thomas filed suit in Utah state court alleging employment discrimination through four separate causes of action, including a Title VII claim.[17] Due to the federal nature of

---

[7] Memorandum Opposing [Defendants'] Motion for Summary Judgment at 20, docket no. 20, filed March 17, 2010.

[8] Complaint at 5.

[9] *Id.* at 5–6.

[10] Memorandum in Support of [Defendants'] Motion for Summary Judgment at 2, docket no. 15, filed February 26, 2010.

[11] Opposition Memorandum to Plaintiff's Motion for Partial Summary Judgment (Opposing Memorandum) at 2, docket no. 35, filed March 29, 2010.

[12] *Id.*

[13] *Id.* at 3–4.

[14] *Id.* at 5.

[15] *Id.* at 4.

[16] *Id.*

[17] *See* Complaint.

some of Thomas's claims, Defendants successfully removed the case to this court.[18] Subsequently, Defendants filed an answer which, in addition to denying that Thomas had been fired for discriminatory reasons, raised nine affirmative defenses.[19] Plaintiff is asking for partial summary judgment striking the third, fourth, fifth, seventh, and eighth of these defenses.[20]

## ANALYSIS

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[21] The determination is essentially whether, under the established law, there are factual issues in dispute which might reasonably affect the outcome of the case.[22] Evidence must be viewed in the light most favorable to the nonmoving party.[23]

Defendants argue that summary judgment would be premature because discovery is still being conducted.[24] The deadline for fact discovery was June 30, 2010, and the deadline for expert discovery is July 30, 2010.[25] Federal Rule of Civil Procedure 56 allows defendants to file an affidavit asking to stay summary judgment if they believe it is necessary to complete discovery before opposing the motion.[26] Defendants have not filed such an affidavit in this case.

---

[18] *See* Notice of Removal.

[19] Defendants' Answer and Jury Demand (Answer), docket no. 2, filed August 24, 2009.

[20] Motion at 1.

[21] Fed. R. Civ. P. 56(c).

[22] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

[23] *Id.* at 256.

[24] Opposing Memorandum at 6.

[25] Scheduling Order and Order Vacating Hearing at 2–3, docket no. 10, filed September 21, 2009.

[26] Fed. R. Civ. P. 56(f) ("If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable . . . discovery to be undertaken; or (3) issue any other just order.").

Furthermore, Defendants filed their own motion for summary judgment in February,[27] suggesting they had largely concluded discovery at that time. The period for fact discovery has now concluded.[28] This motion for partial summary judgment is not premature.

### Third Affirmative Defense

The third affirmative defense states: "Plaintiff's claims are to be barred by the doctrines of laches, ratification, and/or waiver."[29] *Laches* requires a lack of diligence by the plaintiff to have harmed the defendant.[30] Here, Lawson and Oreck have not offered facts which suggest a lack of diligence by Thomas, nor have they alleged that they have been caused any harm by the fact that Thomas filed this lawsuit sixteen months following his termination. Laches, even though it can apply against the type of claims Thomas is bringing, is not supported by this record.

Similarly, *ratification* is the acceptance of an act, after the fact, which makes it legally binding.[31] Defendants do not explain how ratification could apply in this case, and have not offered any facts which suggest that Thomas ratified any of their actions. Ratification does not apply.

In order to *waive* a right, an individual must be aware of a right and intend to relinquish it.[32] None of Thomas's actions suggest that he intended to relinquish his right to contest his termination, and Defendants do not offer any evidence to support this claim. Because laches,

---

[27] Motion for Summary Judgment, docket no. 14, filed February 26, 2010.

[28] Scheduling Order and Order Vacating Hearing at 2.

[29] Answer at 8.

[30] *Plateau Mining Co. v. Utah Div. of State Lands and Forestry*, 802 P.2d 720, 731 (Utah 1990) (citing *Papanikolas Bros. v. Sugarhouse Shopping Ctr.*, 535 P.2d 1256, 160 (Utah 1972)).

[31] *Black's Law Dictionary* 1269 (7th ed. 1999).

[32] *IHC Health Servs. v. D & K Mgmt.*, 196 P.3d 588, 594 (Utah 2008) (citing *Soter's, Inc. v. Deseret Fed. Sav. & Loan Ass'n*, 857 P.2d 935, 940–42 (Utah 1993).

ratification, and waiver are not supported by any factual allegations on this record, Defendants' third affirmative defense could not reasonably affect the outcome of this case, even with all evidence viewed in the light most favorable to the Defendants.

**Fourth Affirmative Defense**

Defendants' fourth affirmative defense alleges Thomas "has failed to state facts sufficient to support a claim for punitive damages."[33] Under Title VII, punitive damages are available to plaintiffs who demonstrate "that the respondent engaged in a discriminatory practice . . . with malice or with reckless indifference to the federal protected rights of an aggrieved individual."[34] Plaintiff argues that the lack of clear Title VII policies and training in the workplace manifested such "reckless indifference." However, with the facts viewed in the light most favorable to Defendants, a reasonable fact finder could determine that Thomas has not proven facts sufficient to support a claim of punitive damages on his Title VII claim.

Furthermore, under Title VII, even if an employer was found to act with reckless indifference, it may still raise a good-faith defense.[35] Those employers which make a good-faith effort to comply with Title VII are protected from vicarious liability from the discriminatory actions of their employees, even supervisory employees.[36] Thus, even if Lawson acted with reckless indifference, Oreck might still be protected from punitive damages.

Punitive damage claims on Thomas's other causes of action are governed by the Utah standard, which requires "clear and convincing proof '[the defendant's conduct] manifests a knowing and reckless indifference toward, and disregard of, the rights of others.'"[37] Even if

---

[33] Answer at 8.

[34] 42 U.S.C. § 1981a(b)(1).

[35] *Kolstad v. Am. Dental Ass'n,* 527 U.S. 526, 544 (1999).

[36] *Id.*

[37] *Smith v. Fairfax Realty*, 82 P.3d 1064 (Utah 2003) (quoting Utah Code Ann. § 78-18-1(1)(a)).

Thomas proves Lawson did not do anything to inform employees of their rights and that employees were not told where they could bring complaints of workplace discrimination, a rational fact finder could still determine that Defendants were not knowingly and recklessly indifferent to Thomas's rights. This affirmative defense has some support in fact and meets the necessary standard to survive a motion for summary judgment.

## Fifth Affirmative Defense

The fifth affirmative defense seeks to bar Thomas' claims "because John Thomas unreasonably failed to take advantage of preventive or corrective measures available to him to address alleged discrimination."[38] Employers are allowed this affirmative defense to workplace discrimination claims, but only if "no tangible employment action is taken."[39] A tangible employment action is "a significant change in employment status, such as hiring [or] firing."[40] Tangible employment actions cannot be protected by the affirmative defense because such actions are inflicted through supervisors, by the power of the company itself, making the company's channels for complaint less accessible and effective.[41] By similar reasoning, the Tenth Circuit has suggested that discrimination perpetrated by direct supervisors, even harassment that does not culminate in a tangible employment action, is not generally protected by this affirmative defense.[42] Defendants do not dispute that Thomas was fired—a tangible action—and that the alleged discrimination against him was perpetrated by a direct supervisor, so this affirmative defense cannot apply.

---

[38] Answer at 8.

[39] *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998).

[40] *Burlington Indus. v. Ellerth*, 524 U.S. 742, 761 (1998).

[41] *See id.* at 762–63.

[42] *See McInnis v. Fairfield Communities*, 458 F.3d 1129, 1136 (10th Cir. 2006) (citing *Faragher*, 524 U.S. at 807 and *Ellerth*, 524 U.S. at 765).

**Seventh Affirmative Defense**

In their seventh affirmative defense, Defendants argue "[s]ome or all of Plaintiff's claims are barred by the failure to mitigate damages."[43] Defendants bear the burden of proving failure to mitigate with specificity.[44] Here, Defendants have not alleged any facts suggesting that Thomas unduly delayed finding employment after he was fired, and there is uncontested evidence on the record that Thomas began searching for a new job almost immediately.[45] Accordingly, summary judgment on this affirmative defense is appropriate.

**Eighth Affirmative Defense**

The eighth affirmative defense broadly asks "[t]o the extent discovery in this action will support any additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, Defendants asserts [sic] such defenses and specifically alleges [sic] those and any other matters constituting avoidance or affirmative defenses."[46] The Rules do not provide a way to reserve all affirmative defenses not mentioned, and courts have not looked favorably on similar attempts.[47] Defendants in a case may, however, petition the court to plead any additional affirmative defenses which may arise in the course of litigation,[48] subject to the rules and deadlines applicable to amendment of pleadings. In this case, Plaintiff's request for summary judgment on this affirmative defense is granted.

---

[43] Answer at 8.

[44] *John Call Eng'g v. Manti City*, 795 P.2d 678, 681–82 (Utah App. 1990).

[45] *See* Deposition of John Thomas at 95–96, attached as Ex. B to Memorandum Opposing [Defendants'] Motion for Summary Judgment.

[46] Answer at 8.

[47] *See, e.g.*, *Dresser Indus. v. Pyrrhus AG*, 936 F.2d 921, 928 n.6 (7th Cir. 1991) ("[S]uch shoddy pleading should be discouraged (there is no procedure for reserving a right to plead affirmative defenses at a later date) . . . .").

[48] *See* Fed. R. Civ. P. 15(a)(2).

**ORDER**

It is hereby ORDERED that Plaintiff's Motion for Partial Summary Judgment[49] is GRANTED in part. Defendants' third, fifth, seventh, and eighth affirmative defenses are stricken. Plaintiff's request for summary judgment on Defendants' fourth affirmative defense is DENIED.

Dated this 20th day of July, 2010.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[49] Motion for Partial Summary Judgment, docket no. 23, filed March 17, 2010.